**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 AUG 11 P 3: 33

CLERK _____
SO. DIST. OF GA.

ARTHUR DE'JON SMITH,          :

    Plaintiff,          :

                  :          CIVIL ACTION NO.: CV505-041

vs.          :

MIKE KING, Sheriff, and CHARLTON          :
COUNTY, GEORGIA,          :

    Defendants.          :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Cook County Jail in Adel, Georgia, has filed an action pursuant to 42 U.S.C.A. § 1983. A prisoner proceeding *in forma pauperis* in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed.2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C.A. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed.2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that he received injuries as a result of a car accident during his transfer from Charlton County to the Cook County Jail. Plaintiff states that Defendant King, the Charlton County Sheriff, drove him and another prisoner on Route 37. Plaintiff contends that Defendant King drove in excess of 75 miles per hour in the oncoming traffic lane to pass a car. Upon reentry into the proper lane, Plaintiff alleges that Defendant King suddenly applied his breaks and collided with a deer. As a result of this collusion, Plaintiff claims he suffered neck and back injuries.

Plaintiff fails to state a cognizable claim against Defendant King under 42 U.S.C.A. § 1983. A plaintiff states a cognizable claim for relief under 42 U.S.C.A. § 1983 if his complaint alleges facts showing that his rights as secured by the Constitution and the laws of the United States were violated, and that the violation was committed by a person acting

2

under color of state law. <u>Touchston v. McDermott</u>, 234 F.3d 1133, 1137 (11th Cir. 2000). An allegation that a defendant acted with mere negligence in causing a plaintiff's injury is not sufficient to support a claim under 42 U.S.C. § 1983. <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31, 106 S. Ct. 662, 664, 88 L. Ed.2d 662, 668 (1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." <u>Baker v. McCollan</u>, 443 U.S. 137, 146, 99 S. Ct. 2689, 2695, 61 L. Ed.2d 433 (1979). Plaintiff has not alleged a deprivation of a constitutional or federal statutory right, and his claim should be dismissed.

Plaintiff's claim against Charlton County should also be dismissed for failure to state a claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Construed liberally, Plaintiff has not met this requirement, and his claims against Defendant Charlton County should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this _11th_ day of August, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3

# United States District Court
## *Southern District of Georgia*

SMITH

_____ )

vs                       )          CASE NUMBER  CV505-41 _____

KING, ET AL              )          DIVISION     WAYCROSS _____

_____ )

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 8/11/05 _____, which is part of the official record of this case.

Date of Mailing:        8/11/05 _____

Date of Certificate     ☒ same date,   or   _____

Scott L. Poff, Clerk

By:   *Sherry Taylor*

Sherry Taylor, Deputy Clerk

Name and Address

Arthur Smith, Cook Co. Jail, 1000 County Farm Road, Adel, GA 31620

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate